**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**


JESUS ROCHE,

      Petitioner,

v.                        CASE NO. 8:05-CV-1958-T-30TBM
                                        8:03-CR-88-T-30TBM

UNITED STATES OF AMERICA,

      Respondent.

_____/

## O R D E R

Petitioner has filed a Notice of Appeal (Dkt. 8), Request for Issuance of a Certificate of Appealability (Dkt. 9) ("COA") pursuant to Rule 22, Fed. R. App. P.,[1] and 28 U.S.C. §2253,[2] and Motion to Proceed *In Forma Pauperis* on appeal (Dkt. 10). Petitioner seeks review of the Court's January 23, 2006 decision denying his motion for relief under 28 U.S.C. § 2255 (CV Dkt. 4). In its order denying his § 2255 motion, the Court's addressed the merits of Petitioner's claims.

_____

[1]"Certificate of Appealability. (1) In a . . . 28 U.S.C. §§ 2255 proceeding, the applicant cannot take an appeal unless a circuit justice or a circuit or district judge issues a certificate of appealability under 28 U.S.C. §§ 2253(c). If an applicant files a notice of appeal, the district judge who rendered the judgment must either issue a certificate of appealability or state why a certificate should not issue. . . . If no express request for a certificate is filed, the notice of appeal constitutes a request addressed to the judges of the court of appeals." Rule 22, Fed. R. App. P.

[2]"[I]n . . . a proceeding under section 2255 . . , the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held. . . . (c)(1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from -- . . .(B) the final order in a proceeding under section 2255. . . . (2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c).

While issuance of a COA does not require a showing that the appeal will succeed, more than the absence of frivolity or the presence of good faith is required for a petitioner to clear this hurdle. *See Miller-El v. Cockrell*, 537 U.S. 322, 338 (2003). Under the controlling standard for issuance of a certificate of appealability where a district court has rejected a prisoner's constitutional claims on the merits, the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Eagle v. Linahan*, 279 F.3d 926, 935 (11th Cir. 2001).

Because Petitioner has failed to demonstrate that reasonable jurists would find the Court's assessment of the claims presented in his § 2255 motion debatable or wrong, he has failed to satisfy the *Slack* test. 529 U.S. at 484.

ACCORDINGLY, the Court **ORDERS** that**:**

1.  Petitioner's Request for Certificate of Appealability (Dkt. 9) is **DENIED**.

2.  Petitioner's Motion to Proceed *In Forma Pauperis* on appeal (Dkt. 10) is **DENIED**.

**DONE and ORDERED in Tampa, Florida on April 10, 2006.**

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copy furnished to:
*Pro Se* Petitioner/Counsel of Record
SA:jsh